UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA POST, : | |
| : | |
| Plaintiff, : | Case No.: |
| : | |
| vs. : | |
| : | |
| PATTERSON DENTAL SUPPLY, INC., : | |
| A.K.A. PATTERSON COMPANIES, INC. : | |
| Defendant. : | FEBRUARY 11, 2010 |
| | |
| | Jury Trial Demanded |

## COMPLAINT

Plaintiff, Laura Post, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff Laura Post is a Connecticut citizen residing in the Town of Newington, CT.

2. Defendant, Patterson Dental Supply, Inc. is a corporation organized and existing under the laws of the State of Minnesota. Defendant's principal place of business is 1031 Mendola Heights Road, Saint Paul, MN 55120. The defendant is also known as Patterson Companies, Inc.

3. At all times material, plaintiff is an employee within the meaning of the Americans With Disabilities Act of 1990 (ADA) and the Age Discrimination in Employment Act (ADE).

4. At all times material, defendant is an employer within the meaning of the ADA and ADE.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: the American With Disabilities Act of 1990, cited as 42 U.S.C. §12101 and the Age Discrimination in Employment Act, cited as 29 U.S.C. § 621.

6. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

## GENERAL ALLEGATIONS

7. Plaintiff suffers from a disability of her foot. The plaintiff has a permanent handicap pass which is displayed in the front of her motor vehicle. She parked her vehicle in the handicap parking spot provided for defendant's employees which was in front of her supervisor's office.

8. The defendant employs more than 20 persons.

9. The plaintiff was hired by the defendant on April 4, 2000 as a receptionist. She worked in the Rocky Hill, CT facility.

10. The plaintiff was terminated on February 9, 2009.

11. During said time, the plaintiff never had any disciplinary problems.

12. The plaintiff became ill in the spring of 2008 and has a disability. Because of this, she was treated in a different manner from my co-workers.

13. She was terminated on February 9, 2009 ostensibly because of a "mistake" on her time card.

14. Other employees who made similar mistakes were not terminated but were

given the opportunity to correct the time card.

15. Plaintiff's condition constitutes a disability under Federal and/or Connecticut law.

16. At all times material, plaintiff's disability does not prevent her from performing the essential functions of her job with or without a reasonable accommodation.

17. Defendant failed to provide a reasonable accommodation to the plaintiff.

18. Plaintiff was terminated by the defendant as a result of the plaintiff having a medical condition/disability and/or being out of work as a result of the condition.

19. Any other reason to be given by the defendant regarding plaintiff's termination would be a pretext for the termination.

20. Plaintiff's termination was retaliatory and discriminatory on the basis of her disability.

21. Plaintiff filed charges on the following date: May 19, 2009 with the Equal Employment Opportunity Commission (EEOC) and Connecticut Commissison of Human Rights and Opportunities (CHRO).

22. Plaintiff received a right to sue letter (copy attached as Exhibit 1) on the following date: December 31, 2009.

## **FIRST COUNT**

### **(Disability Discrimination In Violation Of The ADA)**

1. Plaintiff repeats the allegations in paragraphs 1 through 22 above as if fully incorporated herein.

23. Defendant's actions violate the Americans With Disabilities Act of 1990 as

amended, which prohibits discrimination on the basis of disability.

24. Defendant, by and through its agents and/or employees, violated the Americans With Disabilities Act, in one or more of the following ways:

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disabilities;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee including termination;

(c) In that defendant terminated plaintiff's employment;

(d) In that defendant treated the plaintiff adversely different from similarly situated non-disabled employees;

(e) In that defendant failed to consider and/or denied a reasonable accommodation for the plaintiff;

(f) In that defendant failed to review and/or properly review plaintiff's request for a reasonable accommodation; and

25. As a direct and proximate result of defendant's unequal treatment, discrimination, retaliation and termination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

26. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefit plan. Plaintiff has also lost payment of personal time, bonus earnings, pension benefits, and interest.

27. As a further result of defendant's termination of plaintiff, plaintiff has

suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

28. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

29. Defendant's conduct towards the plaintiff was arbitrary, discriminatory and retaliatory all in violation of the ADA. The defendant exhibited ill will, malice, improper motive and indifference to the plaintiff's civil rights by terminating her employment on the basis of her disability.

## SECOND COUNT

### (Negligent Infliction of Emotional Distress)

1. Plaintiff repeats the allegations in paragraphs 1 through 30 above as if fully incorporated herein.

31. Defendant's conduct during the termination process when it informed the plaintiff, by and through its agents and/or employees, that she was being terminated and failing to deliver paperwork to apply for job reinstatement created an unreasonable risk of emotional distress to the plaintiff.

32. Plaintiff's emotional distress, caused by her termination, was foreseeable.

33. Plaintiff's emotional distress has been severe enough to cause her illness and/or bodily harm.

34. The cause of plaintiff's emotional distress is her wrongful termination.

## THIRD COUNT

### (Intentional Infliction of Emotional Distress)

1. Plaintiff repeats the allegations in paragraphs 1 through 34 above as if fully

incorporated herein.

35. Defendant's termination intended to inflict emotional distress upon the plaintiff.

36. Defendant terminated the plaintiff despite knowing that she had a disability.

37. Upon information and belief, defendant considered the plaintiff to be a "liability" due to her physical disability.

38. Defendant's conduct was extreme and outrageous creating an unreasonable risk of emotional distress to the plaintiff.

39. Defendant's misconduct caused the plaintiff to suffer severe emotional distress including but not limited to: stress, interference with appetite, and interference with sleep.

## FOURTH COUNT

### (Age Discrimination)

1. Plaintiff repeats the allegations in paragraphs 1 through 39 above as if fully incorporated herein.

40. The plaintiff is over forty (40) years of age.

41. The actions of the defendant violate The Age Discrimination in Employment Act, 29 U.S.C. 621-634.

## FIFTH COUNT

### (Violation of the Connecticut Fair Employment Practices Act C.G.S §46a-60(a) *et seq.*)

1. Plaintiff repeats the allegations in paragraphs 1 through 41 above as if fully incorporated herein.

42. Defendant violated the Connecticut Fair Employment Practices Act in one or more of the following ways:

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's condition;

   b. In that defendant limited and classified the plaintiff by her condition in such a way that deprived her of opportunities and recognition given to other similarly situated coworkers;

   c. In that defendant discriminated the plaintiff on the basis of her condition in such a way that adversely affected his status as an employee;

   d. In that defendant treated the plaintiff adversely different from similarly situated employees;

   e. In that defendant discharged the plaintiff from employment on account of her condition;

   f. In that defendant retaliated against the plaintiff for her condition and request for an accommodation;

   g. In that the defendant created a hostile work environment;

   h. In that defendant intentionally discriminated against the plaintiff; and

   i. In that defendant wrongfully terminated the plaintiff;

43. As a direct and proximate result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60, plaintiff suffered damages including lost wages and benefits, mental anguish and emotional distress.

## SIXTH COUNT

**(Discriminatory Employment Practice Violation of Connecticut Fair Employment Practices Act C.G.S §46a-61)**

1. Plaintiff repeats the allegations in paragraphs 1 through 43 above as if fully incorporated herein.

44. Plaintiff suffered from a physical disorder.

45. Defendant was notified by the plaintiff of her condition and the defendant failed to take appropriate actions.

46. As a direct and proximate result of the actions of the defendant, plaintiff suffered injuries and damages including emotional distress, loss wages and benefits.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate compensatory damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension benefits, emotional distress; consequential damages; liquidated damages; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; punitive damages; for a trial by jury; and for all other just and proper relief.

DATE: February 11, 2010

_____
Vincent F. Sabatini, Esq.
Fed. No.: CT 06211
James V. Sabatini
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: sa@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Laura Post
COMPLAINANT

vs.                                                                    DATE: December 31, 2009

Patterson Dental Supply Inc.
RESPONDENT

CHRO Case No. 0910450                                     EEOC No. 16A200901026

## RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 21 Grand Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Acting Executive Director

cc: Complainant: Laura Post
    Receipt for Certified Mail 7004 1160 0004 0259 0157
    Complainant's Attorney: Vincent Sabatini
    Respondent: Carol Halley
    Respondent's Attorney:
    Regional Manager: Epifanio Carrasquillo